IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zedrick Smalls, | ) | C/A No. 0:24-4614-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Charleston County Sheriff's Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action was originally commenced on August 31, 2023 in the Charleston County Court of Common Pleas against Charleston County and the Charleston County Sheriff's Office for alleged violations of state law. (ECF No. 1-1 at 1-10.) In July 2024, Plaintiff filed an Amended Complaint naming additional defendants and claims, including a claim pursuant to 42 U.S.C. § 1983. (Id. at 33-52.) The defendants removed the matter on August 22, 2024. Following the court's September 4, 2025 order granting Defendant Wellpath's motion to dismiss and the January 12, 2026 stipulation of dismissal filed by the parties, no federal claims remain pending in this matter. On March 13, 2026, the parties filed a consent motion to remand the remaining state law claims to the Charleston County Court of Common Pleas. (ECF No. 50.)

The court recommends that the parties' consent motion to remand be granted, although not for the reasons offered by the parties.[1] Here, the court has supplemental jurisdiction over the

---

[1] The parties' consent motion seeks remand under 28 U.S.C. § 1447(c), which applies to when there are either defects in the removal process or when the court never had subject matter jurisdiction over the claims presented, rendering removal to federal court improper. Because the court here retains supplemental jurisdiction over the state law claims, remand here is discretionary rather than mandatory. See, e.g., Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639-40 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise that statutory authority was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them.").

remaining state law claims. See 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy under Article III). Because the federal claims have now been dismissed, the court may exercise its discretion to decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). Id. ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Based on the current posture of the case, the court should do so here. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal); Hinson v. Nw. Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (finding the district court did not abuse its discretion to remand the case to state court where the federal claims were no longer at issue, the state claims predominated, and the state claims involved interpretations of complex state statutes on which there was no state precedent).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the parties' motion to remand be granted.

April 7, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).